Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage, Matthew Hall,
Nathan Lewis, Brett Eggiman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, AHMED HASSAN, and BILAY ADEN IDIRIS, ) ) ) Plaintiffs, ) ) vs. ) ) MUNICIPALITY OF ANCHORAGE, MATTHEW ) HALL, NATHAN LEWIS, BRETT EGGIMAN, and ) DOES 1-20, INCLUSIVE, ) ) Defendants. ) ) | Case No. 3:21-cv-00076 JWS |

## ANSWER

Defendants Municipality of Anchorage ("MOA"), Matthew Hall ("Officer Hall"), Nathan

Lewis ("Officer Lewis"), and Brett Eggiman ("Officer Eggiman") (collectively hereafter

"Municipal Defendants") hereby answer the Complaint paragraph by paragraph as follows:[1]

1.      The introductory statement set forth in paragraph 1 does not require a response.

---

[1] Allegations against Does 1-20 do not require a response from Municipal Defendants and none of the responses contained in this Answer should be construed as responding on these unidentified individuals' behalf.

## INTRODUCTION

2.      Paragraph 2 does not contain allegations to which an answer is required.

## JURISDICTION AND VENUE

3.      Paragraph 3 does not contain allegations to which an answer is required. To the extent an

answer is required, Municipal Defendants deny plaintiffs' civil rights have been violated

but admit that the U.S. District Court has jurisdiction over the claims brought in the

Complaint.

4.      In response to the allegations contained in paragraph 4, Municipal Defendants admit that

venue in the District of Alaska is proper.

## PARTIES

5.      Municipal Defendants admit, on information and belief, that Bishar Ali Hassan

("Hassan") was a resident of the State of Alaska at the time of his death.

6.      Municipal Defendants admit, on information and belief, that Ahmed Hassan is the brother

to Hassan and resided in the State of Alaska at the time of Hassan's death.  The

remaining allegations contained in paragraph 6 do not require an answer.

7.      Municipal Defendants admit, on information and belief, that Bilay Aden Iridris is the

mother to Hassan and resided in the State of Alaska at the time of Hassan's death.  The

remaining allegations contained in paragraph 7 do not require an answer.

8.      In response to the allegations contained in paragraph 8, Municipal Defendants admit that

the MOA is a home rule Municipality that has all the legislative powers not prohibited by

law or charter and that Anchorage Police Department (APD) is a department within the

Municipality.  Further, Municipal Defendants admit that Officers Hall, Lewis and

Eggiman are currently employed by APD and were employed by APD at the time of the

events referred to in the Complaint and are residents of the State of Alaska. The remaining allegations do not require a response. If a response is required, Municipal Defendants deny the allegations.

9. In response to the allegations contained in paragraph 9, Municipal Defendants admit only that at the time of the events referred to in the Complaint, Officers Hall, Lewis and Eggiman were employed as patrol officers with APD and were acting in that capacity when they responded to 911 calls about a man waving around a gun in the vicinity of A Street in Anchorage, Alaska. Municipal Defendants deny any other allegations that may be contained in paragraph 9.

10. In response to the allegations contained in paragraph 10, Municipal Defendants admit that at the time of the events referred to in the Complaint, Officers Hall, Lewis and Eggiman held certificates from the Alaska Police Standards Council to serve as a police officer within the State of Alaska and were required to perform their duties in accordance with all governing policies and procedures. Municipal Defendants deny any other allegations that may be contained in paragraph 10.

11. Municipal Defendants admit that Officer Hall, Lewis and Eggiman were subject to the policies and procedures of APD but deny the remainder of the allegations contained in paragraph 11.

12. In response to the allegations contained in paragraph 12, Municipal Defendants admit that Officers Eggiman, Hall and Lewis were employees of the MOA and that the MOA has certain duties with respect to hiring and supervision of its employees. Municipal Defendants deny the remaining allegations that may be contained in paragraph 12.

13. The statements contained in the first two sentences of paragraph 13 do not require an answer. The remining allegations are not directed at Municipal Defendants and therefore does not require an answer. *See* FN 1.

14. In response to the allegations contained in paragraph 14, Municipal Defendants deny that plaintiffs ever presented a claim for damages to the Risk Management Department, which is the department at the Municipality that handles all such claims.

15. Municipal Defendants admit that no response has been given since no claim has ever been made. *See* paragraph 14, above.

16. In response to the allegation contained in paragraph 16, Municipal Defendants admit that the Office of Special Prosecutions for the State of Alaska reviewed the conduct of Officers Hall, Lewis and Eggiman and issued a written determination that the officers were acting in defense of themselves and/or others. Municipal Defendants further admit that in accordance with APD's standards, Internal Affairs reviewed the use of deadly force and found that it was justified and within policy. Municipal Defendants lack information sufficient to form a belief as to what information plaintiffs may have concerning these determinations. The final sentence in paragraph16 does not require an answer.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Municipal Defendants repeat and restate the answers to paragraphs 1-16 as if stated herein.

18. In response to the allegation contained in paragraph 18, Municipal Defendants admit only that APD dispatch received numerous calls about a man with a gun, who was first

identified as being in the area of the Wal-Mart on A street and who then boarded a bus heading north on A Street.

19.     Municipal Defendants admit that APD dispatch received numerous calls reporting certain actions by Hassan. However, Municipal Defendants deny that the listed items (i)-(viii) is complete since it does not capture all the information conveyed from callers. The most accurate way to recount the information provided to dispatch would be to listen to the recordings of the 911 calls.

20.     Municipal Defendants admit that officers receive information from APD dispatch via radio and MDC and that certain information concerning Hassan's actions was made available to them.  The most accurate way to determine what information the officers had is to review the Computer Aided Dispatch printout and listed to any audio of radio traffic from that time.

21.     In response to the allegation contained in paragraph 21, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that in an interview with detectives Officer Hall reported that he had been dispatched to a call for an intoxicated male in the parking lot of Wal-Mart but that while en route was provided updated information that there was a gentleman in the parking lot waving a gun around so that he began to look for the man or other signs of a disturbance in the area as he approached the Walmart parking lot.

22.     In response to the allegation contained in paragraph 22, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that just as Officer Hall pulled into the

Wal-Mart parking lot, there was information that the man had moved northward to the Tesoro and was waiting at a bus stop, as a result of which Officer Hall drove to the Tesoro to look for the man.

23.    In response to the allegation contained in paragraph 23, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall reported no one tried to flag him down at the Tesoro.

24.    In response to the allegation contained in paragraph 24, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall did not observe anyone he believed to be "distraught" while looking for Hassan in the Wal-Mart or Tesoro parking lots.

25.    In response to the allegation contained in paragraph 25, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall was advised by dispatch that the man had hopped on a bus going northbound on A street.

26.    In response to the allegation contained in paragraph 26, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall radioed dispatch to see if they could call People Mover to determine where the bus was going.

27.    In response to the allegation contained in paragraph 27, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete.

Notwithstanding, Municipal Defendants admit that Officer Hall began driving northbound to see if he could track down the bus.

28.  In response to the allegation contained in paragraph 28, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall saw a bus that had been pulled over to the side at a bus stop and was now getting back onto the road.

29.  In response to the allegation contained in paragraph 29, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that while he was still a pretty good distance away, Officer Hall saw a man that matched the description of the suspect.

30.  In response to the allegation contained in paragraph 30, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Officer Hall pulled his vehicle onto the sidewalk and that Hassan was walking unaccompanied away from the vehicle, heading northbound.

31.  In response to the allegation contained in paragraph 31, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that Hall knew someone pulled behind him and another officer came to the left of him.

32.  Municipal Defendants deny that the purported summary of the video and interview stated in this paragraph is accurate or complete.  Notwithstanding, Municipal Defendants admit that Hassan was walking northbound as Officer Hall pulled his vehicle into the sidewalk.

However, once Officer Hall turned on his lights and flickered his siren, Hassan turned around and started walking towards the police vehicle.

33.     Municipal Defendants deny the allegations contained in paragraph 33.

34.     In response to the allegation contained in the first sentence of paragraph 34, Municipal Defendants admit that Officer Hall activated his lights and flickered the siren and that these actions did not violate APD policy under the circumstances.  Municipal Defendants deny the allegation contained in the last sentence of paragraph 34.

35.     In response to the allegation contained in paragraph 35, Municipal Defendants deny that plaintiffs' purported summary of the video and Officer Hall's statements to detectives is complete.  Notwithstanding, Municipal Defendants admit that after Officer Hall turned on the lights and flickered the siren, Hassan turned around and started walking towards Officer Hall's vehicle.  Municipal Defendants deny any other allegation that may be contained in paragraph 35.

36.     Municipal Defendants deny the allegations contained in paragraph 36 and assert that Hassan failed to follow Officer Hall's command to "stop right there".

37.     Municipal Defendants deny that Officer Hall's dash cam video shows the actions purported to be derived from that video, as described in paragraph 37.  Notwithstanding, Officer Hall admits that he exited the vehicle and at did at some time place his hand on his gun. Municipal Defendants lacks information sufficient to form a belief as to the exact timing that his hand went to his gun and therefore deny the same.

38.     Municipal Defendants deny the allegations contained in paragraph 38.

39.     Municipal Defendants deny the allegation contained in paragraph 39.

40.     Municipal Defendants admit that on the audio track of the dashcam video Hassan can be heard to utter something as he drew the weapon from his waistband but Municipal Defendants deny that those words were audible to officers on the scene or that the content of the utterance can be understood.

41.     Municipal Defendants deny the allegations contained in paragraph 41. See response to paragraph 40.

42.     Municipal Defendants deny the allegations contained in paragraph 42.

43.     Municipal Defendants deny the allegations contained in paragraph 43. See response to paragraph 40.

44.     Municipal Defendants deny the allegations contained in paragraph 44, and further deny that the weapon is a "toy."  As depicted in the dashcam video, Hassan drew the weapon, which appeared to be a black handgun, from his waistband and began raising it up, with the muzzle of the gun was pointing in the direction of the officers who responded to the scene.

45.     Municipal Defendants lack information sufficient to form a belief as to which of the bullets that were fired hit Hassan or in what order. Notwithstanding, Municipal Defendants do admit that Hassan was struck by one or more bullets.

46.     In response to the allegation contained in paragraph 46, Municipal Defendants deny that plaintiffs' purported summary of Officer Hall's statements to detectives is complete. Notwithstanding, Municipal Defendants admit that the video shows Hassan reacted to being struck by one or more bullets and that Officer Hall observed a reaction from Hassan.  Municipal Defendants deny any other allegations that may be contained in paragraph 46.

47.     In response to the allegation contained in paragraph 46, Municipal Defendants deny that
        plaintiffs' purported summary of Officer Hall's statements to detectives is complete.
        Notwithstanding, Municipal Defendants admit that Officer Hall believed that shots he
        fired struck Hassan.

48.     Municipal Defendants lack information sufficient to form a belief as to how many bullets
        struck Hassan before he dropped the gun and again deny that the gun is a "toy."
        Notwithstanding, Municipal Defendants admit that the video shows the gun falling to the
        ground.

49.     Municipal Defendants lack information sufficient to form a belief as to how many bullets
        struck him before he fell to the ground. Notwithstanding, Municipal Defendants admit
        the video shows Hassan falling to the ground.

50.     Municipal Defendants admit that all the officer observed that Hassan dropped the gun
        and that the video shows he dropped the gun. However, Municipal Defendants deny that
        the gun is a "toy" or that any reasonable officer would have known the gun was not
        capable of firing bullets.

51.     Municipal Defendants deny the allegations contained in paragraph 51.

52.     Municipal Defendants deny the allegations contained in paragraph 52.

53.     Municipal Defendants deny the allegations contained in paragraph 53.

54.     Municipal Defendants deny the allegations contained in paragraph 54. Officers Eggiman,
        Hall and Lewis reasonably perceived that Hassan posed an immediate threat to the safety
        of the officers each of the times they fired their weapons.

55.     In response to the allegations contained in paragraph 55, Municipal Defendants admit
        that Hassan was told to put his hands up as he continued to move around on the ground

while the gun lay nearby. Municipal Defendants deny that this purported summary accurately states all of what occurred after the shooting.

56. Municipal Defendants admit that Officers Hall, Eggiman and Lewis collectively fired many shots but lack information sufficient to form a belief as to the number of shots that struck Hassan or his body position at the time any bullets struck him and therefore deny the allegations as written in paragraph 56.

57. In response to the allegations contained in paragraph 57, Municipal Defendants admit that officers did not give a verbal warning that they were going to use deadly force prior to doing so because there was no time to do so since Hassan unexpectedly reached into his waistband and immediately raised the weapon up while pointing it in the direction of the officers.

58. Municipal Defendants deny the allegations contained in paragraph 58.

59. Municipal Defendants deny the allegations contained in paragraph 59.

60. Municipal Defendants deny the allegations contained in paragraph 60.

61. Municipal Defendants deny the allegations contained in paragraph 61.

62. In response to the allegations contained in paragraph 62, Municipal Defendants admit that every bullet fired was done so by Officers Hall, Eggiman and Lewis. However, Municipal Defendants deny the remaining allegations contained in paragraph 62.

63. Municipal Defendants deny the allegations contained in paragraph.

## FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)

64. Municipal Defendants repeat and restate the answers to paragraphs 1-63 as if stated herein.

65. Municipal Defendants deny the allegations contained in paragraph 65.

66.  Municipal Defendants deny the allegations contained in paragraph 66.

67.  Municipal Defendants deny the allegations contained in paragraph 67.

68.  Municipal Defendants deny the allegations contained in paragraph 68.

69.  Municipal Defendants deny the allegations contained in paragraph 69.

70.  The statement in paragraph 70 does not require an answer.

## SECOND CLAIM FOR RELIEF
### Unreasonable Search and Seizure- Excessive Force (42 U.S.C. § 1983)

71.  Municipal Defendants repeat and restate the answers to paragraphs 1-70 as if stated
     herein.

72.  Municipal Defendants deny the allegations contained in paragraph 72.

73.  Municipal Defendants deny the allegations contained in paragraph 73.

74.  In response to the allegations contained in paragraph 74, Municipal Defendants deny they
     are liable for any damages sustained by plaintiffs.  The last sentence of paragraph 74 is a
     statement to which no response is required.

75.   Municipal Defendants deny the allegations contained in paragraph 75.

76.  Municipal Defendants deny the allegations contained in paragraph 76.

77.  Municipal Defendants deny the allegations contained in paragraph 77.

78.  Municipal Defendants deny the allegations contained in paragraph 78.

79.  The statements contained in paragraph 79 do not require an answer.

80.  The statement contained in paragraph 80 does not require an answer.

## THIRD CLAIM FOR RELIEF

## Substantive Due Process (42 U.S.C. §1983)

81. Municipal Defendants repeat and restate the answers to paragraphs 1-80 as if stated herein.

82. This paragraph purports to state a legal standard, to which no answer is required.

83. This paragraph purports to state a legal standard, to which no answer is required.

84. Municipal Defendants deny the allegation contained in the paragraph 84.

85. Municipal Defendants deny the allegations contained in paragraph 85.

86. Municipal Defendants deny the allegations contained in paragraph 86.

87. Municipal Defendants deny the allegations contained in paragraph 87.

88. Municipal Defendants deny the allegations contained in paragraph 88.

89. Municipal Defendants deny the allegations contained in paragraph 89.

90. Municipal Defendants deny the allegations contained in paragraph 90.

91. The statements contained in paragraph 91 do not require an answer.

92. The statement contained in paragraph 92 does not require an answer.

## FOURTH CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)

93. Municipal Defendants repeat and restate the answers to paragraphs 1-92 as if stated herein.

94. The allegations contained in paragraph 94 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required. To the extent an answer is required, MOA denies the allegations contained in paragraph 94.

95. The allegations contained in paragraph 95 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is

required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 95.

96. The allegations contained in paragraph 96 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 96.

97. The allegations contained in paragraph 97 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 97.

98. The allegations contained in paragraph 98 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 98.

99. The allegations contained in paragraph 99 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 99.

100. The allegations contained in paragraph 100 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required.  To the extent an answer is required, MOA denies the allegations contained in paragraph 100.

101. The allegations contained in paragraph 101 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required. To the extent an answer is required, MOA denies the allegations contained in paragraph 101.

102. The statements contained in paragraph 102 do not require an answer.

103. The statement contained in paragraph 103 does not require an answer.

### FIFTH CLAIM FOR RELIEF
**Municipal Liability - Failure to Train**

104. Municipal Defendants repeat and restate the answers to paragraphs 1-103 as if stated herein.

105. Municipal Defendants deny the allegations contained in paragraph 105.

106. Municipal Defendants deny the allegations contained in paragraph 106.

107. Municipal Defendants deny the allegations contained in paragraph 107.

108. Municipal Defendants deny the allegations contained in paragraph 108 and affirmatively state that the training provided by APD to its officers is objectively reasonable, appropriate and consistent with all applicable standards.

109. Municipal Defendants deny the allegations contained in paragraph 109.

110. Municipal Defendants deny the allegations contained in paragraph 110.

111. The allegations contained in paragraph 111 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required. To the extent an answer is required, MOA denies the allegations contained in paragraph 111.

112. The allegations contained in paragraph 112 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is

required. To the extent an answer is required, MOA denies the allegations contained in paragraph 112.

113. The allegations contained in paragraph 113 are directed at unnamed and unidentified individuals, none of which are the Municipal Defendants and therefore no answer is required. To the extent an answer is required, MOA denies the allegations contained in paragraph 113.

114. The statements contained in paragraph 114 do not require an answer.

115. The statement contained in paragraph 115 does not require an answer.


## SIXTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment (Under Alaska Law)

116. Municipal Defendants repeat and restate the answers to paragraphs 1-115 as if stated herein.

117. Municipal Defendants deny the allegations contained in paragraph 117.

118. In response to the allegations contained in paragraph 118, Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations that relate to Hassan's subjective mental state. Municipal Defendants deny all other allegations contained in paragraph 118.

119. In response to the allegations contained in paragraph 119, Municipal Defendants admit that Hassan died as a result of the injuries sustained after he was shot. However, Municipal defendants deny any other allegations that may be contained in paragraph 119.

120. Municipal Defendants deny the allegation contained in the first sentence of paragraph 120. The remainder of paragraph 120 contains a legal proposition for which no answer is required.

121. Municipal Defendants deny the allegations contained in paragraph 121.

122. The statements contained in paragraph 122 do not require an answer.

123. The statement contained in paragraph 123 does not require an answer.

## SEVENTH CLAIM FOR RELIEF
### Battery (Alaska law)

124. Municipal Defendants repeat and restate the answers to paragraphs 1-123 as if stated herein.

125. In response to the allegations contained in paragraph 125, Municipal defendants admit that Officer Eggiman, Lewis and Hall shot Hassan multiple times because, even after being told to "stop right there," he continued to approach, pulled a weapon from his waistbelt, raised it upwards while pointing in their direction, causing the officers to reasonably believe they faced immediate danger of death or serious physical injury to themselves or their fellow officers. Municipal Defendants assert that the use of deadly force by the officers under the circumstances was justified and use of less lethal options, if available, were not required or appropriate given the circumstances the officers faced. Therefore, Municipal Defendants deny the allegations contained in paragraph 125 as stated therein.

126. Municipal Defendants deny the allegation contained in the first sentence of paragraph 126. The remainder of paragraph 126 contains a legal proposition for which no answer is required.

127. Municipal Defendants deny the allegations contained in paragraph 127.

128. The statements contained in paragraph 128 do not require an answer.

129. The statement contained in paragraph 129 does not require an answer.

## EIGHTH CLAIM FOR RELIEF

**Negligence (Alaska Law)**
**(Wrongful Death)**

130. Municipal Defendants repeat and restate the answers to paragraphs 1-129 as if stated herein.

131. Municipal Defendants deny the allegations contained in paragraph 131.

132. Municipal Defendants deny the allegations contained in paragraph 132.

133. Municipal Defendants deny the allegation contained in the first sentence of paragraph 133. The remainder of paragraph 133 contains a legal proposition for which no answer is required.

134. The statements contained in paragraph 134 do not require an answer.

135. The statement contained in paragraph 135 does not require an answer.

## NINTH CLAIM FOR RELIEF
**Negligent Infliction of Emotional Distress (Alaska Law)**

136. Municipal Defendants repeat and restate the answers to paragraphs 1-135 as if stated herein.

137. Municipal Defendants deny the allegations contained in paragraph 137.

138. Municipal Defendants deny the allegations contained in paragraph 138.

139. Municipal Defendants deny the allegations contained in paragraph 139.

140. It appears that the statement in paragraph 140 states a legal proposition, and therefore no answer is required.

141. Municipal Defendants deny liability. The remainder of this paragraph appears to state a legal proposition to which no answer is required.

142. The statements contained in paragraph 142 do not require an answer.

143. The statement contained in paragraph 143 does not require an answer.

## TENTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment (Under Alaska Law)

144. Municipal Defendants repeat and restate the answers to paragraphs 1-143 as if stated herein.

145. Municipal Defendants deny the allegations contained in paragraph 145.

146. Municipal Defendants deny the allegation contained in the first sentence of paragraph 146. The second sentence states a legal proposition to which no answer is required.

147. Municipal Defendants deny the allegations contained in paragraph 147.

148. The statements contained in paragraph 148 do not require an answer.

149. The statement contained in paragraph 149 does not require an answer

## ELEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress (Under Alaska Law)

150. Municipal Defendants repeat and restate the answers to paragraphs 1-149 as if stated herein.

151. Municipal Defendants deny the allegations contained in paragraph 151.

152. Municipal Defendants deny the allegation contained in the first sentence of paragraph 152. The second sentence states a legal proposition to which no answer is required.

153. Municipal Defendants deny the allegations contained in paragraph 153.

154. The statements contained in paragraph 154 do not require an answer.

155. The statement contained in paragraph 155 does not require an answer

## AFFIRMATIVE DEFENSES

1. One or more of plaintiffs' claims fail to state a claim on which relief can be granted.

2. The conduct of Municipal Defendants of which plaintiffs complain was justified given the circumstances.

3.    The conduct of Municipal Defendants of which plaintiffs complain was justified under

      Alaska Statute.  *See e.g.* AS 11.81.300-.340.

4.    Municipal Defendants acted in a manner that was proper, reasonable, lawful and in good

      faith.

5.    Municipal Defendants had not duty to protect plaintiffs from conditions of which they

      had no actual or constructive knowledge.

6.    Under AS 9.17.080, plaintiffs' injuries, if any, were caused in whole or in part by the acts

      or omissions of persons or entities, including plaintiffs themselves, over which the

      Municipal Defendants have no responsibility or control.

7.    Municipal Defendants had no duty to one or more of the plaintiffs.

8.    Pursuant to AS 9.65.070(d)(1), Municipal Defendants are immune from liability for the

      acts of which plaintiffs complain.

9.    Pursuant to AS 9.65.210, Municipal Defendants are immune from liability for plaintiffs'

      injuries.

10.   Municipal Defendants are immune under the doctrine of absolute and/or qualified

      immunity.

11.   Plaintiffs' injuries, if any, are the result of preexisting medical and/or emotional

      conditions or otherwise not caused by Municipal Defendants in this action.

12.   Plaintiffs may have failed to mitigate their damages.

13.   Municipal Defendants reserve the right to assert such other and additional affirmative

      defenses as may be discovered during the investigation and defense of this action.

## RELIEF REQUESTED

WHEREFORE the Municipal Defendants respectfully request relief as follows:

1.      For judgment in favor of Municipal Defendants and against plaintiffs dismissing this

    action with prejudice;

2.      For judgment awarding Municipal Defendants their costs and attorney's fees incurred in

    this action; and

3.      For such other relief as this court deems just and equitable.

    Respectfully submitted this 14th day of July, 2021.

                                PATRICK N. BERGT
                                Municipal Attorney

                                By:    s/Pamela D. Weiss
                                    Municipal Attorney's Office
                                    P.O. Box 196650
                                    Anchorage, Alaska 99519-6650
                                    Phone: (907) 343-4545
                                    Fax: (907) 343-4550
                                    E-mail: uslit@muni.org
                                    Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on July 14, 2021, a
true and correct copy of the foregoing was served by
electronic means through the CM/ECF system.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office