Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage, Matthew Hall,
Nathan Lewis, Brett Eggiman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, AHMED HASSAN, and BILAY ADEN IDIRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> MUNICIPALITY AND CITY OF ANCHORAGE, MATHEW HALL, NATHAN LEWIS, BRETT EGGIMAN, and DOES 1-2 INCLUSIVE, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:21-cv-00076 JWS |

## REPLY IN SUPPORT OF MOTION TO STRIKE

Municipal Defendants' Motion to Strike (Dkt. 21) seeks to preclude two experts listed on plaintiff's Final Witness List – Barry Brodd (the force expert) and Hugh Richards (the economist) – that were not timely identified or disclosed. Plaintiffs' Opposition makes no mention of Mr. Richards being retained and does not object to

exclusion of Mr. Richards as a witness. Plaintiffs object to the requested relief only with respect to Mr. Brodd, the listed force expert.[1]

"The party facing exclusion bears the burden of proving that the failure to comply with Rule 26 was harmless or substantially justified."[2] Plaintiffs fail to establish that the failure to earlier identify or disclose Mr. Brodd is either substantially justified or harmless. Accordingly, Municipal Defendants' motion should be granted.

## I. Plaintiffs Fail to Offer Substantial Justification for Non-Compliance with Pretrial Deadlines.

The pretrial deadlines were established by agreement of both parties and ordered by the court. (Dkt. 10 & 11) Plaintiffs were well aware of the deadlines. After all, Plaintiffs' counsel participated in the parties planning meeting and prepared and filed the report of that planning meeting. (Dkt. 10) Plaintiffs could have at any time prior to the deadline for expert identification contacted Municipal Defendants to discuss modification of the pretrial order. But they did not do so. Instead, they completely ignored the deadline. And plaintiff likewise could have moved for an extension of either the identification or disclosure deadlines at any time before they passed. Again, they did not do so and ignored them altogether.

Plaintiffs' proffered justification is insufficient. Plaintiffs' Opposition states that plaintiffs have limited financial resources and it took time for the family to raise funds "to get [the expert] started" on the report. (Dkt. 23 at p.2) However, this does not explain

---

[1] Although his name is spelled Brod in the Final Witness List (Dkt. 20), subsequent materials provided to Municipal Defendants reveal that his name is actually spelled Brodd.
[2] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1107 (9th Cir. 2001).

Municipal Defendants' Reply iso Mtn Strike Expert
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 2 of 6

Case 3:21-cv-00076-JWS   Document 25   Filed 06/22/22   Page 2 of 6

plaintiff's complete failure to identify an expert in accordance with the deadline or seek an extension before that time. Experts were required to be identified on January 30, 2022 (Dkt. 11 at 4), but Plaintiffs did not identify any experts or seek an extension of the deadline. Nor did Plaintiffs identify supplemental expert witnesses within fourteen days after that. (Dkt. 11 at 4)

In fact, by Plaintiffs' own account, there seems to have been no effort whatsoever to identify, locate, or retain an expert before either the identification or disclosure deadline. Plaintiffs state only that their expert was "found" in early April 2022. (Dkt. 23 at 2) But that was over two months after Plaintiff was required to file the expert identification, nearly two months after supplemental experts were supposed to be identified, and after the required disclosures (including reports) were due. (Dkt. 11 at 4) At best, it appears that Plaintiffs suddenly decided to locate an expert only after Municipal Defendants provided their expert disclosures.

Plaintiffs acknowledge they located their expert in April 2022. Inexplicably, however, they failed to provide expert identification at that time (or seek relief from the pretrial deadlines in order to do so). Instead, Plaintiffs simply sat on the information, continued to engage in discovery with Municipal Defendants, and waited to mention Mr. Brodd until the filing of the Amended Final Witness List nearly two months later. (Dkt. 20)[3] Plaintiffs' willful disregard of the court's deadlines in this manner is unjustified.

---

[3] Initially Plaintiffs filed their Final Witness List (Dkt. 19) but it did not include the two experts. Shortly thereafter Plaintiffs submitted an Amended Final Witness List (Dkt. 20) that did.

Municipal Defendants' Reply iso Mtn Strike Expert
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 3 of 6

Case 3:21-cv-00076-JWS   Document 25   Filed 06/22/22   Page 3 of 6

## II. Plaintiffs' Actions are Not Harmless.

Plaintiffs likewise fail to establish that the delay is harmless. They suggest that exclusion of Mr. Brodd would be prejudicial to Plaintiffs, claiming that the pending disclosures goes to the "core of plaintiff's claim." (Dkt. 23 at 26) But there is no legal requirement that Plaintiff provide the opinion of a force expert to establish any element of the claim.

Municipal Defendants are prejudiced by Plaintiffs' tactical decision to lie in wait and gain the upper hand. The requirement is that parties provide simultaneous disclosure of expert reports. (Dkt. 11 at 4) Plaintiffs received all of Municipal Defendants' disclosures, including the reports of three separate experts. Municipal Defendants, meanwhile, received none from Plaintiffs.

Plaintiffs were then able to provide these reports to Mr. Brodd before he drafted his opinion. Indeed, just as Municipal Defendants were preparing to submit this Reply, Plaintiffs sent over Mr. Brodd's report. And his report shows that in developing his opinion he specifically reviewed the report of Municipal Defendants' expert, Mr. Patrick. So, rather than providing an independent report, Mr. Brodd got to see what Mr. Patrick, (and Municipal Defendant's video expert Mr. Fredericks had to say) and adjust his own opinion accordingly. Meanwhile, Municipal Defendants had no opportunity to receive a report from Mr. Brodd and provide a rebuttal report to his independent opinion.

Municipal Defendants' Reply iso Mtn Strike Expert
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 4 of 6

Case 3:21-cv-00076-JWS   Document 25   Filed 06/22/22   Page 4 of 6

The advantage to plaintiff is further compounded by the upcoming deposition of Mr. Patrick which is presently scheduled for June 30.[4] Plaintiffs' expert report is being provided only ten days before this scheduled deposition, and none of the ordinary expert procedures have been followed.

This this is not a case where the effects of the delay can be rectified by a limited extension of the discovery timeline. If the court intends to allow plaintiff's force expert to testify, the court will need to rewind the pretrial deadlines going back months to allow for identification of potential supplemental expert witnesses by Municipal Defendants, rebuttal reports and expert depositions.[5] But even then, advantages gained by Plaintiffs in the process thus far cannot be undone.

"Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them unless there are good reasons not to."[6] The reason Plaintiffs offer for allowing them latitude is the fact that the trial is not yet scheduled. However, federal court trials are often not scheduled in advance of certification of readiness. If this were sufficient reason to deviate from the schedules, then almost no schedule could be enforced in a federal action. This is not the law. The Court's orders are meaningful, and there should be meaningful consequences for a party's willful failure to comply with them. The Court should reject

---

[4] On June 20, Plaintiffs' counsel contacted the undersigned to request yet another delay due to an upcoming criminal trial. The undersigned promptly responded, consenting to delay the deposition by one week but has not yet received a revised Notice of Deposition.

[5] These depositions were originally to be completed in April 2022 but were extended at plaintiff's request due to upcoming trials. (Dkt. 16)

[6] *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

Municipal Defendants' Reply iso Mtn Strike Expert
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 5 of 6

Case 3:21-cv-00076-JWS   Document 25   Filed 06/22/22   Page 5 of 6

Plaintiffs' attempt to secure a litigation advantage by disregarding the Court's orders and should strike the untimely experts and exclude their reports.

Respectfully submitted this 22nd day of June, 2022.

                BLAIR M. CHRISTENSEN
                Acting Municipal Attorney

By: /s/Pamela D. Weiss
     Municipal Attorney's Office
     P.O. Box 196650
     Anchorage, Alaska 99519-6650
     Phone: (907) 343-4545
     Fax: (907) 343-4550
     E-mail: uslit@muni.org
     Alaska Bar No. 0305022

<u>Certificate of Service</u>
The undersigned hereby certifies that on <u>06/22/22</u>, a true and correct copy of the foregoing was served by electronic means through the CM/ECF system.

Rex Butler

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Municipal Defendants' Reply iso Mtn Strike Expert
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 6 of 6

Case 3:21-cv-00076-JWS   Document 25   Filed 06/22/22   Page 6 of 6