Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage, Matthew Hall,
Nathan Lewis, Brett Eggiman



**PLAINTIFF**
EXHIBIT NO. A
ADMITTED ☐
3:21-cv-76
(CASE NUMBER)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, AHMED HASSAN, and BILAY ADEN IDIRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> MUNICIPALITY AND CITY OF ANCHORAGE, MATHEW HALL, NATHAN LEWIS, BRETT EGGIMAN, and DOES 1-2 INCLUSIVE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:21-cv-00076 JWS |

### MUNICIPALITY'S RESPONSES TO THIRD [*SIC*] ]DISCOVERY REQUEST[1]

Defendants Municipality of Anchorage, Mathew Hall, Nathan Lewis and Brett Eggiman, by and through the Municipal Attorney's Office, respond to Plaintiff's Discovery Requests dated July 28, 2022.

**Request for Production No. 1:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION with each individual defendant's

---

[1] Municipal Defendants believe that plantiffs intended this to be the fifth discovery requests.

(Matthew Hall, Nathan Lewis and Brett Eggiman) statement to Anchorage Police Department's Internal Affairs.

**Response:** *See* Audios at Bates Nos. MOA 669-673, which were previously identified in Municipal Defendants' Initial Disclosures. As noted therein, these items can be provided upon entry of a Protective Order.

**Request No. 2:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on use of deadly force.

**Response:** Objection. The request appears to assume that the officers' training "on the use of deadly force" is separate and discrete from other training officers receive. In fact, this topic may be addressed throughout the academy, on the job, and in-service trainings without regard to the specific title of any training. Further, the request assumes that all training on the subject is reflected in written documents; in fact, a substantial amount of training occurs in non-written format.

With respect to any written documents reflecting the substance of training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference use of deadly force. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

Notwithstanding the foregoing objection, attached hereto are syllabi for academies attended by the Officers named in the complaint as follows:

Academy 13-1 schedule, attached at Bates Nos. MOA 001681-001701;

Academy 16-3 schedule, attached as Bates Nos. MOA 001702-001750; and

Academy 18-1 schedule, attached as Bates Nos. MOA 001751-001775.

Further, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 2 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 2 of 27

**Request No. 3:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on use of deadly force.

**Response:** Objection. The request appears to assume that all the officers' training "responding to a call involving an armed and emotionally upset individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 4:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on training on responding to a call involving an armed individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "training on responding to a call involving an armed individual". The request appears to assume that the officers' training "responding to a call involving an armed individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference responding to calls involving an armed individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 3 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 3 of 27

**Request No. 5:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving an armed individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "training...received on responding to a call involving an armed individual." The request appears to assume that all the officers' training "responding to a call involving an armed and emotionally upset individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 6:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on responding to a call involving an armed and emotionally upset individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed and emotionally upset individual". The request appears to assume that the officers' training "to respond to a call involving an armed and emotionally upset individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any potentially relate to or reference responding to calls

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 4 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 4 of 27

involving an "armed and emotionally upset" individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 7:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving an armed and emotionally upset individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed and emotionally upset individual". The request appears to assume that all the officers' training "responding to a call involving an armed and emotionally upset individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 8:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on responding to a call involving a mentally ill individual or an individual suspected of being mentally ill.

**Response:** Objection. Vague and ambiguous with respect to the phrase "suspected of being mentally ill". The request appears to assume that the officers' training "responding to a call involving a mentally ill individual or an individual suspected of being mentally ill" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 5 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 5 of 27

with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference responding to calls involving a mentally ill individual or someone suspected of being mentally ill. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 9:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving a mentally ill individual or an individual suspected of being mentally ill.

**Response:** Objection. Vague and ambiguous with respect to the phrase "mentally ill individual or an individual suspected of being mentally ill." The request appears to assume that all the officers' training "on responding to a call involving a mentally ill individual or an individual suspected of being mentally ill" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 10:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on responding to a call involving an armed mentally ill individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed mentally ill individual". The request appears to assume that the officers' training "responding to a call involving an armed mentally ill individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 6 of 13

Case 3:21-cv-00076-SLG    Document 47-1    Filed 01/04/23    Page 6 of 27

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference responding to calls involving an armed and mentally ill individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 11:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving an armed mentally ill individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed mentally ill individual". The request appears to assume that all the officers' training "responding to a call involving an armed mentally ill individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 12:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on responding to a call involving an armed individual suspected of being mentally ill.

**Response:** Objection. Vague and ambiguous with respect to the phrase "training on responding to a call involving an armed individual suspected of being mentally ill". The request appears to assume that the officers' training "responding to a call involving an armed individual suspected of individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 7 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 7 of 27

situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference responding to calls involving an armed individual who is suspected of being mentally ill. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 13:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving an armed individual suspected of being mentally ill.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed individual suspected of being mentally ill". The request appears to assume that all the officers' training "responding to a call involving an armed individual suspected of being mentally ill" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 14:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on how to approach an armed individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "how to approach an armed individual." The request appears to assume that the officers' training "on how to approach an armed individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 8 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 8 of 27

number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference approaching an armed individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 15:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving an armed individual.

**Response:** This request is a duplicate of Request No. 5. Accordingly, see response to Request No. 5.

**Request No. 16:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on responding to a call involving an armed individual suspected of being mentally ill.

**Response:** This request is a duplicate of Request No. 12. Accordingly, see response to Request No. 12.

**Request No. 17:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving a mentally ill individual or an individual suspected of being mentally ill.

**Response:** The request is a duplicate of Request No. 9. Accordingly, see response to Request No. 9.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 9 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 9 of 27

**Request No. 18:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on how to approach a reportedly armed individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "how to approach a reportedly armed individual". The request appears to assume that the officers' training "on how to approach a reportedly armed individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference responding to calls involving approaching a "reportedly" armed individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 19:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on responding to a call involving a reportedly armed individual.

**Response:** This request is virtually the same as Request No. 5. Accordingly, see response to Request No. 5.

**Request No. 20:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on how to approach an armed emotionally upset individual.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 10 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 10 of 27

**Response:** Objection. Vague and ambiguous with respect to the phrases "how to approach" and "emotionally upset individual". The request appears to assume that the officers' training "on how to approach an emotionally upset individual" is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference approaching an "emotionally upset" individual. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

**Request No. 21:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on how to approach an armed emotionally upset individual.

**Response:** Objection. Vague and ambiguous with respect to the phrase "armed emotionally upset individual". The request appears to assume that all the officers' training "responding to a call involving a reportedly armed individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

**Request No. 22:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the content and subject of

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 11 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 11 of 27

each individual defendant's (Matthew Hall, Nathan Lewis, and Brett Eggiman) training on how to approach an armed individual.

**Response:** See response to Request No. 14.

**Request No. 23:** Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing any and all training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on cover to protect against the danger of being shot when responding to a call involving an armed individual.

Any and all DOCUMENTS, FILES, RECORDS or ELECTRONICALLY STORED INFORMATION establishing the number of hours in training each individual defendant (Matthew Hall, Nathan Lewis, and Brett Eggiman) received on how to protect yourself when responding a call involving an armed individual.

**Response:** Objection. This request consists of two separate requests, each of which should have been numbered separately.

Further, with respect to the first paragraph, the request is vague and ambiguous with respect to the phrase "cover to protect against the danger of being shot when responding to a call involving an armed individual." The request appears to assume that the officers receive training on "cover to protect against the danger of being shot when responding a call involving an armed individual" that is separate and discrete subject that would be reflected in the title of a particular training module. In fact, officers receive training on a number of topics and are provided a number of tools with which to respond to situations depending on the particular facts and circumstances. The request also incorrectly assumes that all training on the subject is reflected in written form.

With respect to any written documents used in training, this request is burdensome because it would require someone at APD to locate and identify all materials that exist with respect to trainings attended by the individual officers and then review/read all of the materials to determine if any relate to or reference cover, protecting against the danger of being shot, and responding to calls involving armed individuals. Such a task that is expected could take an inordinate amount of time, perhaps up to 100 hours.

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 12 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 12 of 27

With respect to the second paragraph, the request appears to assume that all the officers' training "responding to a call involving an armed individual" is separate and discrete from all other training officers receive so that there is a document that reflects certain hours on this subject.

Notwithstanding the foregoing objection, see documents referenced in Request No. 2. In addition, upon entry of a protective order, APD can provide the records contained in officers' individual training files.

Dated this 29th day of August, 2022.

MARIO L. BIRD
Acting Municipal Attorney

By: ___/s/Pamela D. Weiss_____
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on 08/29/22,
a true and correct copy of the foregoing was served on:

Rex Butler

/s/ Cathi Russell_____
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Responses to 3rd Discovery Requests to Defendants
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076 JWS
Page 13 of 13

Case 3:21-cv-00076-SLG   Document 47-1   Filed 01/04/23   Page 13 of 27

 Gmail

**Rex Butler <rexbutlercalendar@gmail.com>**

---

## Hassan v. MOA ET'AL Stipulation and conferring

---

**CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC.** <rexbutlercalendar@gmail.com>     Fri, Sep 9, 2022 at 2:30 PM
To: "Weiss, Pamela D." <pamela.weiss@anchorageak.gov>, uslit@muni.org



Dear Pamela,

Thank you for the responses to plaintiffs' discovery requests.

I have no objection to the protective order. I will sign it as soon as it is finalized.

We need to confer on some of the defendants' responses that are not in compliance with the Rule 34 and the rulings of the 9th circuit. The responses are either (1) boilerplate or (2) lack specificity. For example, responses claiming:

(a) vagueness or ambiguity can readily be responded to using the common and ordinary meaning of the terms alleged to be vague or ambiguous. The terms do not involve matters of opinion and provide a reasonably clear indication of the information being sought. This is especially true because both parties are familiar with the claims and facts at issue, especially since some were the subject of completed depositions.

(b) that the request is burdensome does not demonstrate the time and expense involved in responding to the requested discovery. A mere statement that complying with the discovery request will require numerous hours is not sufficient. There is no information on whether the burden is a result of the lack of an adequate filing system or method for locating the requested information. Without information regarding how the records are maintained, organized, or how the policy records are identified, the plaintiffs and the Court cannot assess whether the request is burdensome.

I am hoping we can resolve this matter without the need to have motions filed. Fridays tend to work best in terms of meeting to confer only because the state court closes at noon. However, I am open to meeting on any day that works for both of us.

Sincerely,

The yellow exhibit stamp reads: PLAINTIFF EXHIBIT NO. B ADMITTED ☐ 3:21-cv-76 (CASE NUMBER)

Rex.

Rex Lamont Butler & Associates, Inc. P.C.
Criminal Division
745 West Fourth Avenue Suite 300,
Anchorage, AK 99501.
(907) 272.1497 Telephone
(907) 276.3306 Facsimile

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the Law office of Rex Lamont Butler & Associates Inc., P.C., 745 West 4th Avenue, Ste., 300, Anchorage, Alaska, 99501, and is confidential and/or privileged information. The information is intended to be for the use of the individual or entity referenced above. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or any other use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us immediately by return eMail. Thank you.


## Hassan v. MOA ET'AL Stipulation and conferring

**Weiss, Pamela D.** <pamela.weiss@anchorageak.gov>  Mon, Sep 12, 2022 at 11:38 AM
To: "CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC." <rexbutlercalendar@gmail.com>, Court Filings
<USLIT@ci.anchorage.ak.us>

Rex:

I understand that my secretary has sent over the protective order stipulation for your electronic signature so we will get
that filed as soon as that step is done and it is returned.

As for the discovery responses, I am unclear which responses you believe have provided boilerplate or non-specific
objections. I reviewed the numerous sets of responses we served and in each case we made an objection based on
vagueness or burdensomeness, we also clearly articulated why the term is vague and/or why the request is burdensome
with respect to the specific request. Furthermore, in most cases we provided an answer notwithstanding the objections.

If you can identify which discovery responses are the subject of your email (and from which of the four sets of discovery
we recently provided), I would be better able to respond to your concern.

Thank you,

Pam





**Pamela D. Weiss**

*Assistant Municipal Attorney*

Municipality of Anchorage

632 W. 6th Ave., Suite 730

Anchorage, AK 99501

(907) 343-4545




**PLAINTIFF**
EXHIBIT NO. _D_
ADMITTED ☐
_3:21-CV-76_
(CASE NUMBER)

Rex Butler <rexbutlercalendar@gmail.com>

## Hassan v. MOA ET'AL Stipulation and conferring

**CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC.** <rexbutlercalendar@gmail.com>     Thu, Sep 15, 2022 at 4:02 PM
To: "Weiss, Pamela D." <pamela.weiss@anchorageak.gov>

Dear Pamela,

under 9th circuit law, in opposing discovery on grounds of burdensomeness, the objecting party is required to demonstrate that the time and expense involved in responding to the requested discovery will, in fact, be unduly burdensome. A mere statement that complying with the discovery request will require "numerous man hours, " for example, is not sufficient.  Without factual information regarding how Defendant maintains, organizes, indexes and identifies its records, the Court or plaintiff cannot assess whether the request is burden.

In response to seventh discovery request, the response to **request for production No. 1**. **& No. 2**, claims that the phrase "stop shooting at an individual" or "where to aim when shooting" are vague and ambiguous, the request assumes that such training is written and readily identifiable and that it is burdensome because the task could take tens of hours, perhaps up to 100 given the magnitude of materials that would have to searched. As to No.2, the response limits production to discovering portions of the Firearms Training manual.

There are no facts detailing why the request is burdensome. The terms "stop shooting at an individual" or "where to aim when shooting" give reasonable notice as to what is being requested and are thus not vagueness or ambiguous – the defendants are aware of the facts relevant to this suit. Thus, they cannot reasonably decipher what is meant. But even if the terms were vague (which they are not) the defendants did not seek clarification.

In response to **third discovery** request dated July 28, 2022, **Request No.4** for all training each individual defendant received regarding responding to a call involving an armed individual. The response alleges that the request is burdensome. This response failed to provide the factual detail required under the rules. As such, the plaintiff or the court cannot independently assess whether the request is burdensome (*how is the information stored, is it in searchable format, is the burden due to a function of a lack of proper or systematic organization, etc*). The response merely states -concludes- that it could take up to 100 hours. The lead up to the defendants' response is the stereo typical boiler plate objection of "vague and ambiguous". Also, there was no request for clarification.

In response to **third discovery** request dated July 28, 2022, **Request No.6, No.8, No.10, No.12, No. 14, NO. 18, & No. 20,** for all training each individual defendant received regarding responding to a call involving armed and emotionally upset individual; calls involving mentally ill individuals or suspected of being mentally ill, and content and subject of such training. The response failed to provide the factual detail

required under the rules to support the allegation that the request is burdensome. Plaintiff or the court cannot independently assess whether the request is burdensome based on the conclusory statements made by defendants.


Francis.

Written at Rex's direction.


Rex Lamont Butler, Esq.
Rex Lamont Butler & Associates, Inc. P.C.
Criminal Division
745 West Fourth Avenue Suite 300,
Anchorage, AK 99501.
(907) 272.1497 Telephone
(907) 276.3306 Facsimile

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the Law office of Rex Lamont Butler & Associates Inc., P.C., 745 West 4th Avenue, Ste., 300, Anchorage, Alaska, 99501, and is confidential and/or privileged information. The information is intended to be for the use of the individual or entity referenced above. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or any other use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us immediately by return eMail. Thank you.

[Quoted text hidden]

 Gmail

**PLAINTIFF**

EXHIBIT NO. _E_

ADMITTED ☐

_3:21-cv-76_
(CASE NUMBER)

Rex Butler <rexbutlercalendar@gmail.com>

---

## Hassan v. MOA ET'AL Stipulation and conferring

---

**Weiss, Pamela D.** <pamela.weiss@anchorageak.gov>                    Tue, Sep 20, 2022 at 10:36 AM
To: "CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC." <rexbutlercalendar@gmail.com>

Rex:

I believe that all the responses you are referencing as being the third set of discovery responses were actually the contained in the Municipality's responses to the Fifth Discovery Requests.    Regardless, it appears your stated concern is the same for all of them.

Your summaries of the Municipality's responses have left out important information that is, in fact, contained in the objections and the responses.  In response to all these discovery requests, the Municipality's does provide information about the burden of producing the requested materials. The problem is not with the MOA's organization or filing but that the requests assume a manner of training that is not consistent with how officers are trained.  You have requested the materials on a very narrow and specific subject that could be addressed - directly or indirectly - throughout any training. Therefore, it would require APD to review every single piece of written material that APD Training has in connection with each training session or module an individual officer has attended either in the academy or subsequent training.  The written material for that discrete course or session would have to be opened one by one and reviewed for same or similar terms as the requests seek.  And because each of the defendant officers attended different academies and subsequent trainings, this would have to be done separately for each officer.

If you would like to discuss this further, I am happy to talk in person.  Feel free to give me a call. 907-343-6333.

Thanks,

[Quoted text hidden]



**PLAINTIFF**
EXHIBIT NO. _F_
ADMITTED ☐
3:21-cv-76
(CASE NUMBER)

 Gmail

Rex Butler <rexbutlercalendar@gmail.com>

## Hassan v. MOA ET'AL Stipulation and conferring

**CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC.** <rexbutlercalendar@gmail.com>   Wed, Sep 21, 2022 at 1:19 PM
To: "Weiss, Pamela D." <pamela.weiss@anchorageak.gov>

Pamela,

I hope you are well.

The defendants' response simply provides conclusions to the effect that it is going to take 100 hours to search through materials to find answers to the requested information.

It does not state the format in which the records are maintained. It does not state how voluminous the records are. It is reasonable to assume that the training materials are digitally stored. Therefore, the information, even in PDF format, can be electronically searched using keywords. Defendants have not stated how the relevant records are maintained, organized, indexed or identified. Any assumption as to the manner of training is in no way a hindrance to defendants properly responding to plaintiff's request.

As the 9th circuit ruled, without factual information regarding how defendant maintains, organizes, indexes and identifies its records, the Court or plaintiff cannot assess whether the request is burdensome. Also, the 9th Circuit has held that the fact that a request is very broad or "burdensome" in its magnitude does not, in and of itself, entitle an agency to deny that request on the basis that it does not "reasonably describe" the records sought.  A search of 813 files is not burdensome. A search of 25,000 paper files not burdensome where responsive information was certain to exist.

Defendants' response infers either that none of the records are searchable or that because the entire record cannot be searched, defendant is not going to produce any part of it.

Rex.

Rex Lamont Butler, Esq.
Rex Lamont Butler & Associates, Inc. P.C.
Criminal Division




PLAINTIFF
EXHIBIT NO. _G_
ADMITTED ☐
3:21-cv-76
(CASE NUMBER)

## Hassan v. MOA ET'AL Stipulation and conferring

**Weiss, Pamela D.** <pamela.weiss@anchorageak.gov>                    Wed, Sep 28, 2022 at 12:08 PM
To: "CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC." <rexbutlercalendar@gmail.com>
Cc: "Russell, Cathi M." <cathi.russell@anchorageak.gov>

Again, I think that is inaccurate that our response only says that it is going to take extensive time to search.  That said, I will do my best to explain the difficulty in responding to the requests.

The first layer of difficulty is pulling all the records.  Whatever records there may be that relate to a particular class would be stored in a separate file under the Academy for instance, or in other location for post-academy trainings.  Sometimes, particularly in the case of older academies or trainings, the materials may have to be tracked down.  Assuming this can be done, it will simply take some time.

The second layer of difficulty stems from the varied formats of the materials presented in a particular class/training.  They can come in a variety of formats – including but not limited to word documents, scanned documents, including photographs.  There may also be power point presentations with embedded video & audio clips.

But the most difficult part – and the part that makes this process the most burdensome - is the scope of the request.  The requested topics are highly specific and, as explained noted in the response, are not taught as separate subjects or concepts.  Thus, in order to provide an accurate response to your requests, it would require someone to review all the materials and identify which of them relate to the narrow subject you have identified. It is going to require someone with training expertise to look at the materials and determine if the materials address those subjects in the absence of the use of the specific terminology you have provided.

[Quoted text hidden]





PLAINTIFF
EXHIBIT NO. H
ADMITTED ☐
3:21-CV-76
(CASE NUMBER)

Rex Butler <rexbutlercalendar@gmail.com>

---

## Estate of Hassan v. MOA

**Weiss, Pamela D.** <pamela.weiss@anchorageak.gov>          Wed, Oct 12, 2022 at 2:51 PM
To: "CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC." <rexbutlercalendar@gmail.com>
Cc: "Russell, Cathi M." <cathi.russell@anchorageak.gov>

Rex:

I appreciate our discussion today concerning the discovery responses we provided.   While I believe that for the most part we simply repeated the discussions that have taken place in the emails back and forth, we did make one good step forward.

You requested and I agreed to talk to the APD Training Center about whether there is an outline or agenda for each of the training modules in the academy that can be identified and/or produced so that you can determine whether it's possible to narrow your request in light of the objections we have made.  As indicated, I should be able to give you an answer early next week so that we can figure out the next steps.  I will aim for Monday.

In the meantime, however, I am wondering if it is possible for you to look at the schedules and identify which of the modules you are wanting such agendas/outlines for?  Or, conversely, perhaps you can identify those for which an agenda/outline is not necessary.  If you can agree that there are certain training modules that you are not interested in seeing the outlines/agendas for, assuming such outlines exist, it may allow for a quicker response on our end.

Sincerely,

Pam



**Pamela D. Weiss**

*Assistant Municipal Attorney*

Municipality of Anchorage

632 W. 6th Ave., Suite 730

Anchorage, AK 99501

 Gmail

PLAINTIFF

EXHIBIT NO. I

ADMITTED ☐

3:21-CV-76

(CASE NUMBER)



Rex Butler <rexbutlercalendar@gmail.com>

## Estate of Bishar Hassan V. MOA ET'AL -follow up

**CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC.** <rexbutlercalendar@gmail.com>    Wed, Oct 19, 2022 at 6:52 PM
To: "Weiss, Pamela D." <pamela.weiss@anchorageak.gov>, uslit@muni.org

Ms. Weiss,

After conferring with you on defendants' response to plaintiffs' discovery request, we are of the opinion that the defendants have not provide the necessary detail to establish that the request is burdensome. But even if the request was burdensome, courts have ruled that:

(1) The "fact that production of documents would be burdensome and . . . would hamper the party's business operations may not be a reason for refusing to order production of relevant documents." (2) "The mere fact that producing documents would be burdensome and expensive and would interfere with a party's normal operations is not inherently a reason to refuse an otherwise legitimate discovery request."

Consistent with 9th circuit case law, at minimum, we believe that the defendants should have provided an affidavit establishing:

(1) that someone made an effort to look for what plaintiffs requested;

(2) the volume of training records/materials i.e., how many pages or units there are;

(3) the format in which the records/materials are stored;

(4) the filing/storage system used to preserve/hold the records/materials;

(5) searchability of the records/materials;

(6) whether the records/materials are in a central location;

(7) method used to locate requested information;

(8) whether the records/materials are indexed;

(9) how long it will take to locate and review the records/materials;

(10) cost of producing the requested discovery;

among other things should suffice.

We have taken the time to find some case law within the 9th circuit and relevant to the issue. It might be helpful to review them and respond accordingly.

We do not believe that the defendants' proposal comports with what is required under 9th circuit law.


Sincerely,


Rex L. Butler.


     In opposing discovery on grounds of burdensomeness, the objecting party is required to demonstrate that the time and expense involved in responding to the requested discovery will, in fact, be unduly burdensome. A mere statement that complying with the discovery request will require "numerous man hours," for example, is not sufficient. In considering the burden imposed on a party in responding to discovery, the Court should also consider whether the burden is a result of the party's lack of an adequate filing system or method for locating requested information. Without factual information regarding how Defendant maintains, organizes, indexes and identifies its policy records, the Court cannot make such an assessment. <u>Residential Contructors v. Ace Prop.</u> 2006 U.S. Dist. LEXIS 80403 * | 2006 WL 3149362 at *26. [*Internal citations omitted*]

     To meet its burden of establishing that production of requested discovery is burdensome, defendant "must provide sufficient detail regarding the time, money and procedures required to produce the requested documents." *Pham v. Wal—Mart Stores, Inc.*, No. 2:11-cv-01148-KJD-GWF, 2011 U.S. Dist. LEXIS 130038, 2011 WL 5508832, at *3 (D. Nev. Nov. 09, 2011)

     The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to refuse to produce material if the requested material is relevant and necessary to the discovery of admissible evidence. *Pham*, 2011 U.S. Dist. LEXIS 130038, 2011 WL 5508832, at *3 (citing *In re Toys "R" Us—Delaware, Inc. (FACTA) Litigation*, No. ML 08-1980 MMM (FMOx), 2010 U.S. Dist. LEXIS 130884, 2010 WL 4942645, at *6 (C.D. Cal. July 29, 2010)). <u>Pizana v. Sanmedical</u>, 2020 U.S. Dist. LEXIS 191503 * | 2020 WL 6075846, at *12.

     Fed.R.Civ.Pro. 26(b)(1) generally provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Within the limitation that it relates to a claim or defense, relevancy is broadly construed. Rule 26(b)(2) also provides, however, that the frequency or extent of the use of discovery methods authorized under the rules shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount

in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the discovery in resolving the issues.

In light of the fact that Rule 26 affords liberal discovery, it follows that the party resisting discovery carries a heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The objecting party must show that the discovery sought is overly broad, unduly burdensome irrelevant. FED. R. CIV. P. 26(b)(2)(C), 26(c). Partner Weekly v. Viable, 2014 U.S. Dist. LEXIS 54401 * | 2014 WL 1577486.

Defendants' objection that plaintiffs' discovery requests are burdensome lacks substantiation or explanation. Although defendants claim that the requested production would require them to produce "an estimated 30,000 to 40,000 pages" of documents, (Joint Stip. at 26), there is no indication as to the costs or expense that would be incurred in generating the requested documents. Such generalized objections of burdensomeness are insufficient. See Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1985) (party objecting to production requests must specify why the requests are objectionable); Roesberg, 85 F.R.D. at 296-97. Defendants did not submit any declarations under penalty of perjury offering evidence establishing the nature of the burden, i.e., no information was provided with respect to the costs they would incur in locating and producing the requested documents. See Roesberg, 85 F.R.D. at 296.

Finally, even assuming defendants had properly raised and established their burdensomeness objection, the court would still order defendants to respond to the subject discovery. The "fact that production of documents would be burdensome and . . . would hamper the party's business operations may not be a reason for refusing to order production of relevant documents." 7 Moore's Federal Practice, § 34.14[3], at 34-75; see also Baine v. General Motors Corp., 141 F.R.D. 328, 331 (M.D. Ala. 1991) ("The mere fact that producing documents would be burdensome and expensive and would interfere with a party's normal operations is not inherently a reason to refuse an otherwise legitimate discovery request.").

To help determine whether expense is "undue," pursuant to Fed. R. Civ. P. 26(b)(2), courts have adopted balancing test that considers following the factors: (1) specificity of discovery requests; (2) likelihood of discovering critical information; (3) availability of such information from other sources; (4) purposes for which responding party maintains requested data; (5) relative benefit to parties of obtaining information; (6) total cost associated with production; (7) relative ability of each party to control costs and its incentive to do so; and (8) resources available to each party. Medtronic Sofamor Danek, Inc. v. Michelson, 229 F.R.D. 550, 56 Fed. R. Serv. 3d (Callaghan) 1159, 2003 U.S. Dist. LEXIS 14447 (W.D. Tenn. 2003).

Because documents requested by plaintiff were relevant to the case within the meaning of Fed. R. Civ. P. 26, that answering them would be burdensome and expensive was not reason to refuse to order production. Brown Bear v. Cuna Mut. Group, 266 F.R.D. 310, 2009 U.S. Dist. LEXIS 103349 (D.S.D. 2009).

Rex Lamont Butler, Esq.
Rex Lamont Butler & Associates, Inc. P.C.
Criminal Division
745 West Fourth Avenue Suite 300,
Anchorage, AK 99501.
(907) 272.1497 Telephone
(907) 276.3306 Facsimile

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the Law office of Rex Lamont Butler & Associates Inc., P.C., 745 West 4th Avenue, Ste., 300, Anchorage, Alaska, 99501, and is confidential and/or privileged information. The information is intended to be for the use of the individual or entity referenced above. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or any other use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us immediately by return eMail. Thank you.





PLAINTIFF
EXHIBIT NO. J
ADMITTED ☐
3:21-CV-76
(CASE NUMBER)

Rex Butler <rexbutlercalendar@gmail.com>

## Estate of Bishar Hassan V. MOA ET'AL -follow up

**Weiss, Pamela D.** <pamela.weiss@anchorageak.gov>                    Mon, Oct 24, 2022 at 1:01 PM
To: "CRIMINAL DIVISION REX BUTLER & ASSOCIATES, INC." <rexbutlercalendar@gmail.com>, Court Filings
<USLIT@ci.anchorage.ak.us>
Cc: "Russell, Cathi M." <cathi.russell@anchorageak.gov>

Rex:

To say that I am surprised by your response to my question is an understatement. In our telephonic discussion earlier this month, it was you that suggested that if you could see summaries or outlines of the modules you may be able to narrow or reframe your request. I sincerely believed we had an agreement that was the next step. I had sent you that email in an effort to provide these very items you asked for in our discussion with the only goal being to avoid efforts to locate outlines or summaries for modules that you believed were clearly unrelated.

In my previous emails and our discussion, I have explained in great detail the problems with the discovery requests in response to your repeated broad assertions such as those in this email. It appeared to me that you understood the problems in our telephone conversation, the problems being that your requests are framed using highly specific situations, that these narrow characterizations do not reflect the manner in which training is presented and stored, that the materials are not easily searchable given the variety of formats, and that the terminology you have provided is unlikely to be found in the materials in that exact word order. Notwithstanding these problems, Defendants have not refused to provide any discovery; rather, I understood that we were working cooperatively to revise or narrow the requests in order to allow the Municipality the avoid expending tremendous resources to search through written materials that have limited potential to contain information that reflect the narrow subjects you have requested.

Your email seems to suggest that you no longer wish to approach this cooperatively. But if I am incorrect, please let me know if you would like us to begin the process of locating the summaries/outlines for the academy training modules.

Thank you,

Pam



**Pamela D. Weiss**

*Assistant Municipal Attorney*