Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage, Matthew Hall,
Nathan Lewis, Brett Eggiman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, AHMED HASSAN, and BILAY ADEN IDIRIS,<br><br>Plaintiffs,<br><br>vs.<br><br>MUNICIPALITY AND CITY OF ANCHORAGE, MATHEW HALL, NATHAN LEWIS, BRETT EGGIMAN, and DOES 1-2 INCLUSIVE,<br><br>Defendants. | Case No. 3:21-cv-00076-SLG |

**MOTION TO STRIKE PLAINTIFFS' UNTIMELY MOTION TO COMPEL**

Defendants Municipality of Anchorage, Matthew Hall, Nathan Lewis and Brett Eggiman (collectively "Municipal Defendants") hereby move pursuant to Federal Rule of Civil Procedure 12(f)(2) to strike plaintiff's Motion to Compel filed at Dkt. 47 as untimely.

Pursuant to the Scheduling and Planning Order, motions under the discovery rules are due in accordance with LR 16.1(c). Order at Dkt. 11, III. B.1. Local Rule 16.1(c)(7) provides that all motions under the discovery rules must be filed not later than 14 days after the close of discovery.

Under Section II.C.5 of the Court's Scheduling and Planning Order (Dkt. 11), fact discovery closed on July 29, 2022. In the days leading up to July 29, Plaintiffs served five separate sets of discovery on defendants and Municipal Defendants provided timely responses to each of those discovery requests. Thus, Plaintiffs had responses to all their discovery requests in hand on or before August 28, 2022.

Plaintiffs did contact Municipal Defendants to argue that certain objections were insufficient. But plaintiff waited until September 9, 2022 to do so. *See* email dated 9/9/22 attached hereto as Exh. A. The parties communicated back and forth about the discovery requests. Following a telephone conversation, Municipal Defendants understood that plaintiffs would revise or narrow their requests to address the issues raised in the discussions and Municipal Defendants were prepared to provide certain materials to allow them to do so. *See* Email dated 10/12/22, attached hereto as Exh. B. Five days later, Municipal Defendants followed up as no response had been received. Email dated 10/17/22, attached as Exh. C. Plaintiffs then responded in a manner that appeared to reject entirely the agreement that had been reached. Email dated 10/19/22, attached hereto as Exh. D. The Municipality tried one last time on October 24, 2022 to

Motion to Strike Plaintiffs' Motion to Compel
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076-SLG
Page 2 of 6

Case 3:21-cv-00076-SLG   Document 48   Filed 01/11/23   Page 2 of 6

facilitate discussion. *See* Email 10/24/22 attached as Exh. E. Plaintiffs ceased all communication on the subject.

Plaintiffs never filed any motion in August or September concerning discovery. Nor did plaintiffs seek relief from the deadlines in the Scheduling and Planning order in order to present a motion at a later time. Instead, plaintiffs filed its Opposition to the Motion for Summary Judgment (Dkt. 37) (claiming there was an outstanding discovery dispute). But as explained in the Municipal Defendants' Reply, there was no outstanding dispute.

### **Plaintiff Failed to Comply with the Deadline for Discovery Motions**

As Municipal Defendants explained in the Reply in Support of Motion for Summary Judgment (Dkt. 46 at p. 13), there is no pending discovery dispute because the time for filing any discovery motions has passed. Plaintiffs apparently chose to abandon any concerns they had since they failed entirely to follow the deadlines set by the court.

Regardless of whether the 14 days under Local Rule 16.1 runs from the date that the last discovery requests were served or the date on which Municipal Defendants provided responses, plaintiffs failed to meet the deadline. Fourteen days after July 29 would have been August 12 and fourteen days after August 28 would have been September 11. Under either measure, the motion is untimely. It was not filed until January 4, 2023.

"Courts set [] schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them unless there are

Motion to Strike Plaintiffs' Motion to Compel
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076-SLG
Page 3 of 6

Case 3:21-cv-00076-SLG   Document 48   Filed 01/11/23   Page 3 of 6

good reasons not to."[1] Plaintiffs' willful failure to comply with the court's scheduling order is a sufficient basis to strike the motion without consideration of the merits.[2]

**No Good Cause or Excusable Neglect for Failing to Timely File a motion.**

Plaintiff has not demonstrated good cause or excusable neglect for failing to timely file a motion to compel as would be required to allow for late filing or reset the deadline.[3]

Even assuming plaintiffs' ongoing dialogue with Municipal Defendants that commenced nearly two weeks after the responses were received constitutes good cause, that extended only until October. It was at that point that Plaintiffs inexplicably ceased all communication with defendants about the subject and took no action to seek relief from the deadline in the Scheduling and Planning Order. Interestingly, plaintiffs never sought relief under Federal Rule of Civil Procedure 56(f).

Plaintiffs' assertion there was good cause because they were diligent is simply not supported. (Dkt. 47 at p. 13). Plaintiffs devote only a single paragraph to the issue and make two undisputed statements that do not assist in establishing good cause – that they served the discovery responses within the time set by the Court and they contacted Municipal Defendants in September 2022 concerning the responses. Plaintiffs also assert

---

[1] *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005); *see also Garcia v. Service Employees International Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (citing *Gray v. Cox*, 2016 WL 4367236 at *3 (D. Nev. Aug 12, 2016) (allowing discovery motions after the dipositive motion deadline would "disrupt the court's management of its docket and defeat the purpose of the Scheduling Order.")
[2] *KST Data, Inc. v. DXC Technology Co.*, 344 F.Supp.3d 1132, 1136 n.1 (C.D. Cal. 2018) (citing *Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).
[3] *LaNier v. United States*, 2017 WL 951040 at *3 (S.D. Cal. March 10, 2017).

Motion to Strike Plaintiffs' Motion to Compel
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076-SLG
Page 4 of 6

Case 3:21-cv-00076-SLG   Document 48   Filed 01/11/23   Page 4 of 6

that they did not wait for Municipal Defendants to provide protected evidence. But it is unclear what this is intended to demonstrate or what relevance this has to their delay in filing a motion to compel since the protected documents were disclosed to Plaintiffs on September 26, 2022, promptly after the court entered the Order Granting Stipulation re Production. (Dkt. 31)

The only justification Plaintiffs offer for the delay in filing is that they assumed defendants were acting in good faith and continued to confer. But this statement does not provide any justification or good cause for waiting to file their motion until January, 2023. As noted above, Plaintiffs ceased all communications with Municipal Defendants on the subject as of October 24, 2022, the last date on which Municipal Defendants wrote about the subject, and to which Plaintiffs never responded. Exh. E. Accordingly, even if discovery motions were permitted after the dispositive motion deadline, this explanation cannot justify any delay after early November 2022. Plaintiffs waited two more months – long after dispositive motions were fully briefed and the matter had been submitted to the court. Such a lengthy delay in the face of the order set by the court's deadlines does not demonstrate good cause or warrant any relief.

Motion to Strike Plaintiffs' Motion to Compel
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076-SLG
Page 5 of 6

Case 3:21-cv-00076-SLG   Document 48   Filed 01/11/23   Page 5 of 6

Respectfully submitted this 11th day of January, 2023.

          BLAIR M. CHRISTENSEN
          Acting Municipal Attorney

          By:    s/Pamela D. Weiss
                  Municipal Attorney's Office
                  P.O. Box 196650
                  Anchorage, Alaska 99519-6650
                  Phone: (907) 343-4545
                  Fax: (907) 343-4550
                  E-mail: uslit@muni.org
                  Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on 01/11/23, a true and correct copy of the foregoing was served by electronic means through the CM/ECF system.

Rex Butler

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Motion to Strike Plaintiffs' Motion to Compel
*Estate of Hassan v. MOA, et al.*; Case No. 3:21-cv-00076-SLG
Page 6 of 6

Case 3:21-cv-00076-SLG   Document 48   Filed 01/11/23   Page 6 of 6