Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, AK 99501
Tel: (907)272-1497
Email: rexbutlercalendar@gmail.com
**Attorney for Plaintiffs**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, ) ) AHMED HASSAN AND BILAY ADEN IDIRIS, ) PLAINTIFFS, ) Vs. ) ) MUNICIPALITY AND CITY OF ANCHORAGE, ) ) MATTHEW HALL, NATHAN LEWIS, BRETT ) ) EGGIMAN, AND DOES 1-20, INCLUSIVE, ) DEFENDANTS. ) _____) | **3:21-CV-00076 SLG** |

## OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AT DKT 48

Plaintiffs' motion to compel should be granted based on the defendants' tacit admissions establishing that: (1) defendants assured plaintiffs that they had reserved their right to file a motion to compel specific to the discovery at issue; (2) defendants did not make a good faith effort to produce the discovery at issue and were thus being evasive; (3) defendants' response to plaintiffs' discovery request did not comply with 9th circuit law, and (4) defendants are acting with unclean hands.

1

## DEFENDANTS TACITLY ADMIT THAT THEY ASSURRED PLAINTIFFS THAT THEY HAD PRESERVED THEIR RIGHT TO FILE A MOTION TO COMPEL DISCOVERY

Defendants did not deny that while conferring, on October 12th, 2022, they, through their attorney, assured counsel that plaintiffs had preserved their right to file motions to compel past the deadline. Defendants did not deny this fact which is clearly stated in plaintiffs' motion to compel [Dkt. 47 page 5 and 10]. Thus, it was not unreasonable for plaintiffs to rely on that assurance. It is disingenuous for the defendants to now argue that the deadline is past despite being aware that they gave plaintiffs an assurance that equated to defendants not opposing a motion to compel the specific discovery at issue.

## DEFENDANTS TACITLY ADMIT THAT THEY WERE NOT ACTING IN GOOD FAITH AND MADE NO EFFORT TO LOCATE AND PRODUCE THE DISCOVERY SOUGHT

Defendants do not deny that they did not know where the discovery was; that they needed to track down the materials, and they were not sure that it could be tracked down as they stated in exhibit G even though plaintiffs raised the issue. [Dkt. 47 page 4].

## DEFENDANTS TACITLY ADMIT THAT THEY WERE BEING EVASIVE BY FAILING TO PRODUCE THE REQUESTED DISCOVERY AT ISSUE

In their motion to compel, plaintiffs stated that they believed that defendants were using the same evasive tactics employed all along. [Dkt. 47 page 5 and 9]. Defendants

have not denied the assertion. Plaintiffs submits that the defendants' failure to produce the specific discovery; lack of effort to locate it, argue that the discovery request is vague and ambiguous, and especially the failure to comply with 9th circuit law even after being informed by plaintiffs, establishes defendants' intended to be evasive.

## DEFENDANTS TACITLY ADMIT THAT THEY ARE BEFORE THE COURT WITH UNCLEAN HANDS

Even though plaintiffs asserted that defendants have unclean hands; systematically acted in bad faith and made frivolous responses to discovery requests [Dkt 47 page 14 and 10] defendants have not presented evidence to the contrary. The defendants made no attempt to address these assertions. That is because the accusations are true and correct.

## ANY FAILURE TO FILE A MOTION FOR EXTENSION OF TIME RESULTED FROM (1) DEFENDANTS' ASSURANCE THAT PLAINTIFFS HAD PRESERVED THEIR RIGHT TO FILE A MOTION TO COMPEL AND (2) DEFENDANTS PRETENDING TO BE MAKING GOOD FAITH EFFORT TO PRODUCE THE REQUESTED DISCOVERY.

Defendants did not deny that while conferring, on October 12th, 2022 they, through their attorney, assured counsel that plaintiffs had preserved their right to file motions to compel past the deadline. Defendants did not deny this fact which is clearly stated in plaintiffs' motion to compel [Dkt. 47 page 5 and 10]. Defendants knew or should have known that plaintiffs would rely on their assurance. As such, it was not unreasonable for

plaintiffs to believe that the defendants would not oppose a motion to compel discovery if the requested materials were not forthcoming.

Also, because defendants seem to be cooperative and because defendants stated that they would need to locate their training materials and that it would take a while to review the requested discovery plaintiffs believed that defendants were making a diligent effort to produce the requested discovery. It was not until defendants filed an opposition to plaintiffs' motion for summary judgment on November 28, 2022, that plaintiffs learned that defendants had no intent of making a good faith effort to produce the requested discovery.

In November and December 2022, Plaintiffs' counsel was preparing to resolve a murder case or take it to trial, State of Alaska v. Christopher Espirutu-Simpson, 3AN-18-01368CR and for a felony trial in Fairbanks, State of Alaska v. Cody Stockton, 4FA-22-00727CR. The later case went to trial on December 13, 2022. Counsel was in trial until on or about December 23rd, 2022.

**THE DEFENDANTS ARE THE CAUSE OF ANY DISRUPTION IN THE COURT'S MANAGEMENT OF THE DOCKET AND SCHEDULING ORDER.**

But for defendants deliberately and unjustifiably withholding discovery, there would be no need for the motion to compel defendants to produce that discovery. In bad faith, defendants elected to withhold the discovery from plaintiffs. This is evident in the fact that defendants still do not know where their training records are specifically located, made no effort to locate their training records and did not know how voluminous the

4

records are among other things. When coupled with defendants' failure to comply with 9th circuit law when claiming burdensomeness, even after being advised by plaintiffs of the same, it is evident that defendants intended to disrupt the court's management of the docket. Defendants knew or should have known that plaintiffs would file a motion to compel. In fact, defendants were so well aware of this fact, they assured plaintiffs that they had preserved the right to file a motion to compel (as argued above).

Consequently, defendants should not be allowed on the one hand to knowingly plant the seed that disrupts the plaintiffs' good faith effort to prepare this case, and on the other hand be allowed to cry.

## DEFENDANTS DO NOT DENY THAT THEY OBSTRUCTED DISCOVERY THUS THEY SHOULD BE COMPELLED TO PRODUCE IT TO PLAINTIFFS

Defendants made no attempt to address plaintiffs' accusation that their response to the discovery request was evasive and that they have not made any good faith effort to produce the requested materials. In fact, plaintiffs established that defendants do not know the specific location of the training materials. that would likely have the requested discovery. [Dkt. 47 page 4 and exhibit F & G]. Defendants have not overcome this accusation.

## THIS COURT SHOULD NOT TOLERATE THE DEFENDANTS' BAD FAITH, DISREGARD OF THE LAW, EVADING THEIR DISCOVERY OBLIGATION.

It is well established that the court shall not tolerate attempts to obstruct discovery through objections or evasive response which lack good faith basis. <u>Marchand v. Mercy Med. Ctr</u>. 22 F.3d 933, 938 (9th Cir. 1994).

Here, plaintiffs submit they have established that the court should grant plaintiffs' motion to compel.

RESPECTFULLY SUBMITTED on this 18th day of January 2023.

/s/ Rex L. Butler
Rex Lamont Butler
Attorney for Plaintiffs

**Certificate of service**

I hereby certify that this document was served upon defendants' attorney Pamela Weiss, through ECF Filing on 1/18/23.

/s/ Rex L. Butler
Rex Lamont Butler