IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>MUNICIPALITY AND CITY OF ANCHORAGE, et al.,<br><br>            Defendants. | Case No. 3:21-cv-00076-SLG |

**ORDER RE MOTION FOR RECONSIDERATION**

Before the Court at Docket 54 is Plaintiffs Estate of Bishar Ali Hassan, Ahmed Hassan, and Bilay Aden Idiris's (collectively, "Plaintiffs") motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 and Local Civil Rule 7.3(h).[1] The Court does not request a response from Defendants Municipality of Anchorage and Anchorage Police Officers Matthew Hall, Nathan Lewis, and Brett Eggiman (collectively "Municipal Defendants").

**DISCUSSION**

Plaintiffs move for the Court to alter or amend its judgment that was entered pursuant to the Order Re All Pending Motions at Docket 52, which granted summary judgment to Municipal Defendants. A Rule 59(e) motion "should not be

---

[1] Although Plaintiffs call the motion a "motion for reconsideration," the proper vehicle for Plaintiffs' motion is a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) because the Court entered a judgment in this case at Docket 53.

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[2]

Plaintiffs contend that the Court made the following errors: (1) "the Court's conclusion that Hassan was not seized before being shot is contrary to established legal precedent and the facts;" and (2) "under 9th Circuit law Plaintiffs provided sufficient evidence to create a triable issue as to *Monell* and supervisory liability."[3]

As to the first alleged error, Plaintiffs maintain that Mr. Hassan was seized for Fourth Amendment purposes when the responding officers flashed their lights and sirens. Plaintiffs contend that Mr. Hassan "compl[ied] with the show of authority" because "he stopped, (i) he walked towards the police and (ii) engaged with them in a conversation, (iii) pulled out his toy gun and informed them that it was not a real gun."[4] To support these contentions of fact, Plaintiffs simply state "[s]ee video." However, when a party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."[5] And the forensic video analysis in the record at Docket 36 does not corroborate Plaintiffs' description of the interaction. To the contrary, the

---

[2] *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

[3] Docket 54 at 2, 4.

[4] Docket 54 at 3.

[5] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Case No. 3:21-cv-00076-SLG, *Hassan, et al. v. Municipality and City of Anchorage, et al.*
Order on Motion for Reconsideration
Page 2 of 6
Case 3:21-cv-00076-SLG   Document 55   Filed 05/19/23   Page 2 of 6

forensic video analysis shows that Officer Hall turned on his emergency lights at 17:52:33.954, Mr. Hassan turned towards the responding officers at 17:52:34.388, and within seconds, as the officer was saying "stop right there," Mr. Hassan pointed the barrel of his gun at Officer Hall at 17:52:43.030.[6] Neither the audio or video depict Mr. Hassan engaging the officers in conversation or telling them that he was holding a toy gun. The Court accordingly concludes that it did not make an error of fact in the order at Docket 52.

Plaintiffs also contend that for the "brief discrete moment when Hassan stopped, turned around, faced the uniformed officer, their marked patrols and began to walk toward the officers that Hassan was illegally seized,"[7] and cite to a Sixth Circuit case, *United States v. Beauchamp,* in support.[8] *Beauchamp* was a criminal case regarding a motion to suppress evidence found on the defendant after officers ordered him to stop. But the officers in *Beauchamp* presented no rationale for having a reasonable suspicion that would permit them to order Beauchamp to stop and the appellate court determined the encounter was not consensual.[9] Rather, Beauchamp was seized when he "complied with the officer's

---

[6] Docket 36, Ex. C-1, Slide 37 (17:52:33.954 Officer Hall initiates emergency lights); Slide 50 (17:52:34.388 Mr. Hassan turns his face and body toward police vehicles); Slide 305 (17:52:43.030 Mr. Hassan directs the barrel of his gun toward Officer Hall).

[7] Docket 54 at 4.

[8] Docket 54 at 4 (citing *United States v. Beauchamp*, 659 F.3d 560, 568–69 (6th Cir. 2011)).

[9] *Id*. at 564 n.1.

Case No. 3:21-cv-00076-SLG, *Hassan, et al. v. Municipality and City of Anchorage, et al.*
Order on Motion for Reconsideration
Page 3 of 6
Case 3:21-cv-00076-SLG   Document 55   Filed 05/19/23   Page 3 of 6

instructions and submitted to the officer's show of authority."[10]  Specifically, "[the officer,] in uniform, got out of his car and instructed Beauchamp to stop.  Beauchamp complied.  [The officer] then instructed Beauchamp to walk around the fence and toward him.  Beauchamp again complied."[11]  Notably, Beauchamp did not have a gun.  In this case, by contrast, the officers had reasonable suspicion to stop Mr. Hassan,[12] and Mr. Hassan did not comply with Officer Hall's instruction to "stop right there" and did not submit to Officer Hall's show of authority.[13]  To the contrary, he pulled out his gun and pointed it at Officer Hall immeidately after Officer Hall's command to stop.[14]  The Court finds that it did not err in concluding that the seizure did not occur for Fourth Amendment purposes until Mr. Hassan was shot.

---

[10] *Id*. at 567.

[11] *Id*. at 564.

[12] A tip such as a 911 call may generate reasonable suspicion if it possesses two features: "[f]irst, the tip must exhibit sufficient indicia of reliability, and second, it must provide information on potential illegal activity serious enough to justify a stop." *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir. 2020) (citations omitted).  The numerous 911 calls in this case satisfied both requirements.  Docket 34-1 at 4–5.  The tips were reliable because several callers identified themselves and the callers relayed "fresh, eyewitness knowledge" using an emergency line.  *Vandergroen*, 964 F.3d at 879–80 (citations omitted) (listing factors demonstrating reliability).  The tips also gave responding officers reason to suspect Mr. Hassan was potentially violating AMC 8.25.030A.1, making it a misdemeanor to "shoot, discharge or flourish any firearm, air rifle, or air pistol."

[13] Docket 36, Ex. C-1, Slide 224 (17:52:40.294 Officer Hall says "Hey, stop right there man, stop right there"); Slide 269 (17:52:41.828 Mr. Hassan continues walking toward Officer Hall and starts reaching for his gun less than a second after Officer Hall's command to stop).

[14] *See supra*, note 6.

Case No. 3:21-cv-00076-SLG, *Hassan, et al. v. Municipality and City of Anchorage, et al.*
Order on Motion for Reconsideration
Page 4 of 6
Case 3:21-cv-00076-SLG   Document 55   Filed 05/19/23   Page 4 of 6

Plaintiffs next contend that there is "evidence sufficient to create a triable issue as to the existence of an informal practice or policy and, thus, *Monell* and supervisory liability."[15] To establish liability on the basis of an unconstitutional custom or policy, Plaintiffs must prove that (1) Mr. Hassan was deprived of a constitutional right; (2) the Municipality had a policy; (3) the policy amounted to deliberate indifference to Mr. Hassan's constitutional right; and (4) the policy was the moving force behind the constitutional violation.[16] Plaintiffs must satisfy the first prong of the test, showing that there is a constitutional violation, to establish municipal liability.[17] For example, in the case in which Plaintiffs rely in their motion to alter or amend the Court's judgment, *Nehad v. Browder*, the Ninth Circuit first held that "[v]iewing the evidence in the light most favorable to Appellants, we conclude that a rational trier of fact could find that Browder's use of deadly force was objectively unreasonable" and Browder was "not entitled to qualified immunity" before reaching the question of whether the evidence was sufficient to create a triable issue as to the existence of an informal practice or policy.[18]

---

[15] Docket 54 at 5.

[16] *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

[17] *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("Here, the municipal defendants cannot be held liable because no constitutional violation occurred."); *see also Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims thus require a plaintiff to show an underlying constitutional violation.").

[18] 929 F.3d 1125, 1139, 1141–42 (9th Cir. 2019); *see also* Docket 54 at 4–5.

Case No. 3:21-cv-00076-SLG, *Hassan, et al. v. Municipality and City of Anchorage, et al.*
Order on Motion for Reconsideration
Page 5 of 6

Case 3:21-cv-00076-SLG   Document 55   Filed 05/19/23   Page 5 of 6

Plaintiffs' motion addresses only the second prong of this test: whether the "evidence [is] sufficient to create a triable issue as to the existence of an informal practice or policy."[19] Unlike in *Nehad v. Browder*, however, the Court's order at Docket 52 did not reach the second prong of this test because the first prong had not been met. Rather, this Court concluded that there can be no municipal liability in this case because Plaintiffs failed to show an underlying constitutional violation.[20] Therefore, the Court properly granted summary judgment to the Municipal Defendants with respect to Plaintiffs' municipal liability claims on this basis.

## CONCLUSION

For the reasons expressed herein, Plaintiffs' motion to alter or amend the Court's judgment at Docket 54 is DENIED.

DATED this 19th day of May 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] Docket 54 at 5.

[20] Docket 52 at 28–29.

Case No. 3:21-cv-00076-SLG, *Hassan, et al. v. Municipality and City of Anchorage, et al.*
Order on Motion for Reconsideration
Page 6 of 6

Case 3:21-cv-00076-SLG   Document 55   Filed 05/19/23   Page 6 of 6