Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, AK 99501
Tel: (907)272-1497
Email: rexbutlercalendar@gmail.com
**Attorney for Plaintiffs**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| THE ESTATE OF BISHAR ALI HASSAN, | ) |
| | ) |
| AHMED HASSAN AND BILAY ADEN IDIRIS, | ) |
| PLAINTIFFS, | ) |
| Vs. | ) |
| | ) |
| MUNICIPALITY AND CITY OF ANCHORAGE, | ) |
| | ) |
| MATTHEW HALL, NATHAN LEWIS, BRETT | ) **3:21-CV-00076 SLG** |
| | ) |
| EGGIMAN, AND DOES 1-20, INCLUSIVE, | ) |
| DEFENDANTS. | ) |
| _____ | ) |

**SECOND MOTION TO ALTER THE JUDGEMENT AT DOCKETS 53 AND 55 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59 (e) TO CORRECT <u>BOTH</u> ERROR OF FACT AND LAW TO AVOID MANIFEST INJUSTICE**

THE COURT'S FINDINGS OF FACTS ARE INCORRECT BECAUSE THE FORENSIC VIDEO ANALYSIS SLIDES DO NOT ACCURATELY REFLECT THE FACTS LIKE THE BEST EVIDENCE DOES.

    The best evidence rule provides that the original of a "writing, recording, or photograph" is required to prove the contents thereof. Fed. R. Evid. 1002. United States v.

1

Bennett, 363 F.3d 947, 953 (9th Cir. 2004). An original is the writing or recording itself, a negative or print of a photograph or, "if data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data **accurately**." Fed. R. Evid. 1001(3). Id.

Here, the court relied on forensic video analysis slides (slides) to establish its facts and draw conclusions. (See Dkt. 55 page 3 of 6). **The slides are in essence photos that do not capture real time motion or sound, two factors that are crucial to establishing the facts**. Unlike the slides, exhibit B-1, starting at 0:56 to 1:07 accurately reflect the facts.[1] Exhibit B-1 is the original recording and accurately reflects the facts. Exhibit B-1 shows that Mr. Hassan complied with the show of authority because (i) he stopped [starting at 0:54], (ii) he walked towards the police and (iii) engaged with them in a conversation while pulling out his "gun" (iv) he informed them that it was not a real gun. The slides are manipulated work-product by the defendants' experts and do not accurately reflect the facts.

HASSAN CITED AND RELIED ON MORE THAN UNITED STATES V. BEAUCHAMP, TO ESTABLISH THAT HE WAS SEIZED. HE CITED ATLEAST SEVEN OTHER CASES.

Hassan cited the following cases as precedent establishing that he was seized. The activation of a patrol unit's overhead lights constitutes a show of authority. United States v.

---

[1] Assuming that exhibit B-1 (ICV Brett Eggiman's in car video) filed with the court by defendants is the same exhibit that defendants served the plaintiff as exhibit B-1.

<u>Duarte-Hernandez</u>, 25 F. App'x 502, 505 (9th Cir. 2001). (2) "What may amount to submission depends on what a person was doing before the show of authority: a fleeing man is not seized until he is physically overpowered, but one sitting in a chair may submit to authority by not getting up to run away." <u>Brendlin v. California</u>,511 U.S.249, 262 (2007). (3) By remaining rather than leaving after the show of authority, there is a submission to a show of authority. <u>Campbell v. Cheatham Cnty. Sheriff's Dep't</u>, 47 F.4th 468,477 (6th Cir. 2022). (4) "Not fleeing" in response to a show of authority suggests an individual has submitted to authority. <u>United States v. Lowe</u>, 791 F.3d 424, 434 (3d Cir. 2015). (5) Beauchamp was seized when, in compliance with Officer Fain's instructions, he stopped, turned around, faced the uniformed officer and the marked patrol car, and began to walk toward the officer. <u>United States v. Beauchamp</u>, 659 F.3d 560, 568-9 (6th Cir. 2011) (6) The short duration of submission means only that the seizure was brief, not that no seizure occurred. <u>United States v. Brodie</u>, 742 F.3d 1058,1062 DC Circuit Court of Appeals (2014). (7) It is the nature of the interaction, and not its length, that matters. <u>Delaware v. Prouse</u>, 440 U.S. 648, 655(1979). (7) Momentarily yielding to the Officer's apparent show of authority during the initial portion of the encounter was a seizure for purposes of the Fourth Amendment. <u>United States v. Morgan</u>, 936 F.3d 1561, 1561 (10th Cir. 1991). (8) A suspect may be seized for a brief time despite later demonstrating freedom of movement. <u>Campbell</u>, at 478 citing Torres v. Madrid, 141 S.Ct. 989, 1002 (2021), quoting Hodari D., at 49 U.S. at 625.

Thus, the court's attempt to factually differentiate Hassan from <u>Beauchamp</u> does not defeat precedent from the remaining cases that establish that Hassan was seized.

CONTRARY TO THE COURT'S INTERPRETATION, <u>UNITED STATES V. VANGERGROEN</u>, FAVORS PLAINTIFFS BECAUSE IT ESTABLISHES THAT THERE WAS NO REASONABLE SUSPICION TO STOP HASSAN THUS <u>BEAUCHAMP</u> IS NOT DISTINGUISHABLE.

In <u>United States v. Vangergroen</u>, 964 F.3d 876 (9th Cir. 2020) the court stated that "a tip must demonstrate that "criminal activity may be afoot," and the "absence of any presumptively unlawful activity" from a tip will render it inadequate to support reasonable suspicion, *Brown*, 925 F.3d at 1153. **Furthermore, any potential criminal activity identified must be serious enough to justify "immediate detention of a suspect**." *United States v. Grigg*, 498 F.3d 1070, 1080-81 (9th Cir. 2007). <u>Vangergroen</u>, at 882. [some internal citations omitted].

Violation of AMC 8.25.030 does not justify immediate detention. In Alaska a police officer is prohibited from arresting a suspect for a misdemeanor unless the officer has an arrest warrant, or the misdemeanor is committed in the officer's presence. See <u>AS 12.25.030 - 12.25.035</u>.

Critically, Hassan had done nothing illegal that a person with a firearm might have done. Indeed, neither the defendants nor the court pointed to any such assertion by any person that Hassan had committed or was committing a crime. There is no evidence of any potential criminal activity identified that is serious enough to justify immediate detention of Hassan. As such, there was no reasonable suspicion necessary to legally seize Hassan. Thus, <u>Beauchamp</u> is not distinguishable as the court concluded. Therefore, there is no contrast between <u>Beauchamp</u> and Hassan's case on the issue of reasonable suspicion.

4

BASED ON THE ARGUMENTS ABOVE PLAINTIFFS HAVE ESTABLISHED THAT THERE IS A CONSTITUTIONAL RIGHT VIOLATION THEREFORE THE <u>MONELL</u> ISSUE IS NOT MOOT.

Here, the court concluded that there can be no municipal liability because plaintiffs failed to show an underlying constitutional violation. See Dkt. 55 page 6 of 6. Plaintiffs submit that summary judgment is improper because as is evidenced from the argument above, plaintiffs has provided more than sufficient evidence to establish that there was a violation of his constitutional rights.

Like in <u>Nehad</u>, Hassan's seizure was approved by the department which took no action against the APD Officers; (2) in calls involving a gun, it was APD Officers practice to detain the suspect before first establishing whether the suspect had committed a crime; [Plaintiffs' Exhibit #1, page 1and 2] and, (3) none of the officers could articulate what training if any they received as regards to responding to calls of a person with a gun. Like in <u>Nehad</u>, here, this evidence sufficient to create a triable issue as to the existence of an informal practice or policy and, thus, *Monell* and supervisory liability.

The court should grant plaintiffs' summary judgement on the *Monell* Claim against the Municipality.

RESPECTFULLY SUBMITTED on this 30th day of May 2023.

<u>/s/ Rex L. Butler</u>
Rex Lamont Butler
Attorney for Plaintiffs
